**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH HEINZERLING,

     Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

     Defendants.

Case No.
Hon.

---

| | |
|---|---|
| JOSHUA R. TEREBELO (P72050)<br>JORDAN M. JONES (P77866)<br>MICHIGAN AUTO LAW, P.C.<br>Attorneys for Plaintiff<br>30101 Northwestern Highway<br>Suite 100<br>Farmington Hills, MI 48334-6201<br>248-353-7575 / Fax 248-254-8091<br>jterebelo@michiganautolaw.com<br>jjones@michiganautolaw.com | ADAM K. GORDON (P45106)<br>ASHLEY A. SLAGHT (P79211)<br>VANDEVEER GARZIA, P.C.<br>Attorneys for Defendants<br>840 W. Long Lake Road<br>Suite 600<br>Troy, MI 48098<br>248-312-2800 / Fax 248-879-0042 adamgordon@vgpclaw.com<br>aslaght@vgpclaw.com |

---

## NOTICE OF REMOVAL

NOW COME the Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, by and through their attorneys, VANDEVEER GARZIA, P.C., and hereby removes this cause of action to the United States District Court for the Eastern District of Michigan, Southern Division, based upon the following grounds:

1.    Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, are parties to a civil action brought against them in the Circuit Court for the County of Washtenaw, State of Michigan, entitled:

KENNETH HEINZERLING,

        Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign corporation, and DANIEL BYLER, Jointly and Severally,

        Defendants.

Case No. 19-000361-NI

Hon. Carol Kuhnke

2.    A copy of each and every pleading served upon the Defendants and filed by the Defendants, specifically, Plaintiff's Complaint and Defendants' Answer are attached hereto and that no further proceedings have been had in the State Court action.

3.    The above-described action is a civil action over which this Court has jurisdiction pursuant to the provisions of Title 28, United States Code, Section 1332, 1367, 1441 and 1446, and one which may be removed to this Court by Defendants pursuant to the provisions of Title 28, United States Code, Section 1367, 1441 and 1446, in that it is a civil action, which is between citizens of different states as more specifically set forth herein, and in which the claims which have been asserted are related to an action within which this Court has jurisdiction insofar as they

form part of the same case or controversy as more specifically set forth below.

4.     That Plaintiff, KENNETH HEINZERLING, is a resident of the City of LaSalle, County of Monroe, and State of Michigan as alleged in paragraph 2 of the Complaint filed in the Circuit Court for the County of Washtenaw, State of Michigan.

5.     That Defendant, WALNUT HILL FEEDS, INC. was at the time of the commencement of this action and at all times prior and subsequent thereto, a corporation duly created and organized by and under the laws of the State of Ohio, and by virtue of said incorporation was and is a resident of the State of Ohio, and was not, and is not, and never has been, a corporation created or organized under the laws of the State of Michigan, and was not and is not and never has been, a resident of the State of Michigan.

6.     That Defendant, WALNUT HILL FEEDS, INC., has a principal place of business located at 6048 State Route 598, Shelby, Ohio 44875 located in the County of Crawford and State of Ohio and does not and never has had a principal place of business in the State of Michigan, nor is it, nor has it ever been, a citizen of the State of Michigan.

7.     That Defendant, DANIEL BYLER, was at the time of the commencement of this action and at all times prior and subsequent

thereto, a private individual residing in the County of Richland, State of Ohio, and was not, and is not, and never has been, a resident of the State of Michigan.

8.     That the Plaintiff herein alleges personal injuries arising out of a motor vehicle accident occurring on September 6, 2018, in the Township of York, County of Washtenaw, and State of Michigan seeking to recover damages pursuant to MCLA 500.3101 et sequence including interests and attorney fees as set forth in Plaintiff's Complaint attached hereto.

9.     That complete diversity exists with respect to this action in that Plaintiff is a resident of the State of Michigan while Defendants were, are and remain either a foreign corporation or a resident of a foreign State, more particularly Ohio.

10.     That removal of this case has been filed within thirty (30) days after the receipt by the Defendant of the Summons and Complaint, the same having been first served upon the Defendant, WALNUT HILL FEEDS, INC. on May 8, 2019.  A copy of the Summons and Complaint is attached to this Notice of Removal.

11.     That the Defendants seek removal of this action from the Washtenaw County Circuit Court, State of Michigan to the United States District Court, Eastern District of Michigan, Southern Division based upon diversity.

12.     That pursuant to E.D. Mich LR 81.1, the Defendants alleged the amount in controversy exceeds the required jurisdictional amount, and the Defendants set forth facts and information known to Defendants, at this time, which leave Defendants to believe the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, the threshold for jurisdiction in this action, based upon the allegations of negligence and gross negligence resulting in Plaintiff allegedly being "seriously injured" and suffering "serious impairment of a body function and/or permanent serious disfigurement" to areas of his body including his head, neck, back, left hip and knees, all of which interfere with his ability to enjoy his life and result in "great pain and suffering" which may allegedly be permanent in nature according to the allegations as set forth in Plaintiff's Complaint.

13.     Further, upon information and belief, the damages sought by Plaintiff exceed Seventy-Five Thousand ($75,000.00) Dollars, and Plaintiff continues to allege pain and suffering and excess economic damages which may be permanent in nature based upon the allegations as set forth in Plaintiff's Complaint.  Accordingly, with a determination of liability, the damages sought could result in an award rendered in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests and attorney fees.

WHEREFORE, Defendants, WALNUT HILL FEEDS, INC. and

5

DANIEL BYLER, pray the above entitled action pending in the County for Washtenaw, State of Michigan, be removed therefrom to this Honorable Court.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By: _____

ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Rd., Ste. 600
Troy, MI 48098-6340
248-312-2800

Dated: May 29, 2019

## PROOF OF SERVICE

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

\_\_\_\_\_ Hand delivery
\_\_\_\_\_ Facsimile transmission
\_\_\_\_\_ Electronic mail
\_\_X\_\_ Mailing, by first-class mail with postage fully prepaid
\_\_\_\_\_ Overnight delivery
\_\_\_\_\_ Court's e-File system

to them at their respective business addresses, as disclosed by the pleadings of record, on
_____5-29-19_____.

I declare that the statement above is true to the best of my information, knowledge and belief.

_____
TRACY A. ADAIR

6

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW**

KENNETH HEINZERLING,

      Plaintiff,

vs.

WALNUT HILL FEEDS, INC., a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

      Defendants.

Case No:  19- 361 -NI
Hon.

      Carol Kuhnke

RECEIVED
Washtenaw County
Clerk of the Court
APR 02 2019

_____/

JOSHUA R. TEREBELO (P72050)
JORDAN M. JONES (P77866)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, MI 48334
(248) 353-7575; Fax (248) 254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com
_____/

*Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action arising out of the transaction or occurrence
alleged in the complaint.

      Joshua R. Terebelo

NOW COMES the above-named Plaintiff, KENNETH HEINZERLING, by and through his

attorneys, MICHIGAN AUTO LAW, P.C., and says:

1.     That the amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

2.     That the Plaintiff, KENNETH HEINZERLING, at all times material hereto, was a

resident of the City of La Salle, County of Monroe, and State of Michigan.

3. That the Defendant, DANIEL BYLER, at all times material hereto, was a resident of the City of Ashland, County of Ashland, and State of Ohio.

4. That the Defendant, WALNUT HILL FEEDS, INC., is a foreign corporation authorized to do business in the City of Ann Arbor, County of Washtenaw, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

## COUNT I

5. That on or about September 6, 2018, at or about 10:00 a.m., the Plaintiff, KENNETH HEINZERLING, was driving North on US-23 at or near the US 23 Crossover, in York Township, County of Washtenaw and State of Michigan.

6. That at the aforementioned time and place, the Defendant, DANIEL BYLER, was driving a 2000 semi-truck, license number TQZ3188, with the express and implied consent and knowledge of its owner, WALNUT HILL FEEDS, INC., and was in the course and scope of his employment with WALNUT HILL FEEDS, INC., said company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

7. At that time and place, the Defendant, DANIEL BYLER, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of York Township.

8. That the Defendant, DANIEL BYLER, did then and there display gross negligence and ordinary negligence and misconduct by failing to stop in an assured clear distance and rear-ending the Plaintiff.

9. That at the said time and place, Defendants DANIEL BYLER and WALNUT HILL FEEDS, INC. were guilty of gross negligence and ordinary negligence and misconduct as follows:

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

A.   In driving at an excessive rate of speed, under the conditions then and there existing;

B.   In driving in such a manner as to be unable to stop within the assured clear distance ahead;

C.   In failing to keep a reasonable lookout for other persons and vehicles using said highway;

D.   In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

E.   In failing to drive with due care and caution;

F.   In failing to take all possible precautions to avoid any collision with other motor vehicles; and

G.   In failing to make and/or renew observations of the conditions of traffic on the highway.

10.   The Defendant DANIEL BYLER was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of York Township.

11.   That among those Statutes Defendants DANIEL BYLER and WALNUT HILL FEEDS, INC. violated include, but are not limited to the following:

| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.402 | Vehicle struck from rear; |
| M.C.L. | 257.602(b) | Reading, typing or sending text message |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |

*Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575*

| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.643 | Following too closely; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.709 | Unobstructed windshield and windows; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; and |
| 49 C.F.R. | | Motor Carrier Safety Act Code of Federal Regulations. |

12.     That Defendants' negligence was the proximate cause of Plaintiff KENNETH HEINZERLING being seriously injured, suffering a serious impairment of body function and/or permanent serious disfigurement plus other injuries to the head, neck, back, left hip, knees, and to other parts of his body, externally and internally, and some or all of which interferes with his enjoyment of life and experiencing great pain and suffering.

13.     That as a proximate result of said injuries, the Plaintiff KENNETH HEINZERLING suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

14.     That should it be determined at the time of trial that the said Plaintiff KENNETH HEINZERLING was suffering from any pre-existing conditions, at the time of the aforesaid

collision, then and in such event, it is averred that the negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff, KENNETH HEINZERLING, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT II**

NOW COMES the Plaintiff, KENNETH HEINZERLING, and adds a Count II as follows:

15.     Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-14.

16.     Plaintiff hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

17.     Plaintiff hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, KENNETH HEINZERLING, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

**COUNT III**

NOW COMES the Plaintiff, KENNETH HEINZERLING, and adds a Count III as follows:

18.     Plaintiff hereby realleges, reaffirms and incorporate herein by reference all allegations in paragraphs numbered 1-17.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

19.     WALNUT HILL FEEDS, INC. is the employer of DANIEL BYLER who was acting within the course and scope of his employment with Defendant WALNUT HILL FEEDS, INC. at the time of the accident herein.

20.     That in addition to the allegations set out in Counts I and II, Defendant DANIEL BYLER's employer, WALNUT HILL FEEDS, INC. is liable for Defendant DANIEL BYLER's negligence under the doctrine of Respondent Superior.

21.     In the alternative, Defendant DANIEL BYLER was an independent contractor acting under the control and direction of Defendant WALNUT HILL FEEDS, INC., and in furtherance of WALNUT HILL FEEDS, INC.'s business operations, such that WALNUT HILL FEEDS, INC. is liable for the negligence of Defendant DANIEL BYLER under the statutory employee doctrine and/or statutory owner doctrine, set forth in the applicable Michigan State Statutes, and the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations.

22.     That as a proximate cause of Defendant DANIEL BYLER's negligence, Plaintiff KENNETH HEINZERLING was seriously injured and suffered additional injuries and damages as set out in Counts I and II.

WHEREFORE, the Plaintiff, KENNETH HEINZERLING now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

## COUNT IV

NOW COMES the Plaintiff, KENNETH HEINZERLING, and adds a Count IV as follows:

23.     Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-22.

24.     Defendant WALNUT HILL FEEDS, INC. owed the Plaintiff and the public at a large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor

Carrier Safety Act, Title 49 of the Code of Federal Regulations; The Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963.

25.     Defendant WALNUT HILL FEEDS, INC. was directly negligent, independent of the negligence of Defendant DANIEL BYLER, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963; in one or more of the following ways:

A.     Failing to properly screen and investigate Defendant DANIEL BYLER prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;

B.     Failing to properly direct, instruct, supervise, and train and/or control, Defendant DANIEL BYLER regarding the safe operation of a commercial vehicle and compliance with applicable Federal and Michigan Statutes;

C.     Failing to take steps to ensure Defendant DANIEL BYLER's compliance with applicable Federal and Michigan statutes, and the standard of care for a truck driver; and

D.     Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the 2000 Pace, license number TQZ3188, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

26.     Defendant WALNUT HILL FEEDS, INC. was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant DANIEL BYLER.

27.     The negligence of Defendant WALNUT HILL FEEDS, INC. in hiring, directing, instructing, supervising, training and/or controlling Defendant DANIEL BYLER was a cause of the collision.

28.     Defendant WALNUT HILL FEEDS, INC. was negligent in failing to ensure that the vehicles under its ownership or control were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Motor Carrier Safety Act of 1963.

29.     The negligence of Defendant WALNUT HILL FEEDS, INC. in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, was a cause of the collision.

30.     The Defendant, WALNUT HILL FEEDS, INC., carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, lack of knowledge, and consistently negligent driving, all of which were known by Defendant WALNUT HILL FEEDS, INC., or should have been known in the exercise of reasonable care and caution, such that the defendant-owners are hereby guilty of negligence, independent of the defendant-driver.

31.     The negligence of Defendant WALNUT HILL FEEDS, INC. in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant DANIEL BYLER, was a cause of the collision.

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

WHEREFORE, the Plaintiff, KENNETH HEINZERLING, now claims judgment for whatever amount he is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.

BY: _____
JOSHUA R. TEREBELO (P72050)
Attorney for Plaintiff

Dated: March 29, 2019

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, KENNETH HEINZERLING, by and through his attorneys, MICHIGAN AUTO LAW, P.C. and hereby demands a trial by jury in the above-entitled matter.

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.

BY: _____
JOSHUA R. TEREBELO (P72050)
Attorney for Plaintiff

Dated: March 29, 2019

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

**TIME STAMP**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

KENNETH HEINZERLING,

     Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

     Defendants.

Case No. 19-000361-NI
Hon. Carole Kuhnke

**RECEIVED**

MAY 2 8 2019

Washtenaw County
Clerk of the Court

| | |
|---|---|
| JOSHUA R. TEREBELO (P72050)<br>JORDAN M. JONES (P77866)<br>MICHIGAN AUTO LAW, P.C.<br>Attorneys for Plaintiff<br>30101 Northwestern Highway<br>Suite 100<br>Farmington Hills, MI 48334-6201<br>248-353-7575 / Fax 248-254-8091<br>jterebelo@michiganautolaw.com<br>jjones@michiganautolaw.com | ADAM K. GORDON (P45106)<br>ASHLEY A. SLAGHT (P79211)<br>VANDEVEER GARZIA, P.C.<br>Attorneys for Defendants<br>840 W. Long Lake Road<br>Suite 600<br>Troy, MI 48098<br>248-312-2800 / Fax 248-879-0042<br>adamgordon@vgpclaw.com<br>aslaght@vgpclaw.com |

*(left margin, vertical text):* VANDEVEER GARZIA, P.C.

---

## NOTICE OF ENTRY OF APPEARANCE

TO:    JOSHUA R. TEREBELO (P72050)
        JORDAN M. JONES (P77866)
        MICHIGAN AUTO LAW, P.C.

    PLEASE TAKE NOTICE that we have this date entered our Appearance as
attorneys for Defendants WALNUT HILL FEEDS, INC. and DANIEL BYLER, in the
above-entitled action.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By: _____
ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Rd., Ste. 600
Troy, MI  48098-6340
248-312-2800

Dated:  May 28, 2019

## PROOF OF SERVICE

The undersigned certifies that a copy of the above document was served
on the attorneys of record for all parties in this matter by:

| | |
|---|---|
| _____ | Hand delivery |
| _____ | Facsimile transmission |
| _____ | Electronic mail |
| ✗ | Mailing, by first-class mail with postage fully prepaid |
| _____ | Overnight delivery |
| _____ | Court's e-File system |

to them at their respective business addresses, as disclosed by the
pleadings of record, on _____ 5-28-19 _____.

I declare that the statement above is true to the best of my information,
knowledge and belief.

_____
TRACY A. ADAIR

STATE OF MICHIGAN **TIME STAMP**

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

KENNETH HEINZERLING,

     Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

     Defendants.

Case No. 19-000361-NI
Hon. Carole Kuhnke

**RECEIVED**

**MAY 2 8 2019**

Washtenaw County
Clerk of the Court

---

JOSHUA R. TEREBELO (P72050)
JORDAN M. JONES (P77866)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Suite 100
Farmington Hills, MI 48334-6201
248-353-7575 / Fax 248-254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com

ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Road
Suite 600
Troy, MI 48098
248-312-2800 / Fax 248-879-0042
adamgordon@vgpclaw.com
aslaght@vgpclaw.com

---

### APPEARANCE

**TO:**  **CLERK OF THE COURT**

    Please enter the appearance of VANDEVEER GARZIA, P.C. as counsel for

Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER.

               Respectfully submitted,

               VANDEVEER GARZIA, P.C.

               By:_____
               ADAM K. GORDON (P45106)
               ASHLEY A. SLAGHT (P79211)
               VANDEVEER GARZIA, P.C.
               Attorneys for Defendants
               840 W. Long Lake Rd., Ste. 600
Dated:  May 28, 2019        Troy, MI  48098-6340

VANDEVEER GARZIA P. C.

3

## PROOF OF SERVICE

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

_____ Hand delivery
_____ Facsimile transmission
_____ Electronic mail
\_\_X\_\_ Mailing, by first-class mail with postage fully prepaid
_____ Overnight delivery
_____ Court's e-File system

to them at their respective business addresses, as disclosed by the pleadings of record, on _____ 5-28-19 _____.

I declare that the statement above is true to the best of my information, knowledge and belief.

TRACY A. ADAIR

VANDEVEER GARZIA, P. C.

4

STATE OF MICHIGAN **TIME STAMP**

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

KENNETH HEINZERLING,

    Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

    Defendants.

Case No. 19-000361-NI
Hon. Carole Kuhnke

**RECEIVED**

MAY 28 2019

Washtenaw County
Clerk of the Court

| | |
|---|---|
| JOSHUA R. TEREBELO (P72050) | ADAM K. GORDON (P45106) |
| JORDAN M. JONES (P77866) | ASHLEY A. SLAGHT (P79211) |
| MICHIGAN AUTO LAW, P.C. | VANDEVEER GARZIA, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30101 Northwestern Highway | 840 W. Long Lake Road |
| Suite 100 | Suite 600 |
| Farmington Hills, MI 48334-6201 | Troy, MI 48098 |
| 248-353-7575 / Fax 248-254-8091 | 248-312-2800 / Fax 248-879-0042 |
| jterebelo@michiganautolaw.com | adamgordon@vgpclaw.com |
| jjones@michiganautolaw.com | aslaght@vgpclaw.com |

*VANDEVEER GARZIA P.C.*

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

    NOW COME the Defendants, WALNUT HILL FEEDS, INC. and DANIEL

BYLER, by and through their attorneys, VANDEVEER GARZIA, P.C., by ADAM K.

GORDON, pursuant to MCR 2.111 and in Answer to Plaintiff's Complaint by like

numbered paragraphs states as follows:

    1.    That the Defendants neither admit nor deny the allegations contained in

paragraph 1 of the Plaintiff's Complaint for the reason that the allegations state the

nature of the relief sought and therefore no answer is required.

2.      That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 2 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.

3.      That the allegations contained in paragraph 3 of the Plaintiff's Complaint are denied as untrue for the reason that Defendant Daniel Byler was a resident of Mansfield Ohio in the county of Richland, and state of Ohio, at all times relevant to this matter.

4.      That the Defendant Walnut Hill Feeds, Inc. admits as true that it is a foreign corporation.   With regard to the remaining allegations contained within this paragraph, that without specific information or knowledge upon which to base a belief, the Defendant neither admits nor denies said allegations and therefore leaves the Plaintiff to his proofs.

## <u>COUNT I</u>

5.      That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 5 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.

6.      That the allegations contained in paragraph 6 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged.   In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

7.      That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 7 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.   In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

8.     That the allegations contained in paragraph 8 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

9.     That the allegations contained in paragraph 9 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged including subparagraphs A through G.   In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

10.     That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 10 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

11.     That the allegations contained in paragraph 11 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

12.     That the allegations contained in paragraph 12 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

13.     That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 13 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

14.     That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 14

3

of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

WHEREFORE, Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, respectfully request this Court enter their order striking Plaintiff's Complaint; for summary disposition of dismissal and/or for no cause of action and award costs, interest and attorney fees wrongfully incurred.

## COUNT II

15.     That the Defendants incorporate by reference and reallege their answers to paragraphs 1 – 14 of Plaintiff's Complaint as those set forth herein word for word.

16.     That the Defendants deny as untrue any allegation Plaintiff is entitled to recover the damages as alleged in paragraph 16 of Plaintiff's Complaint.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

17.     That the Defendants deny as untrue any allegation that the Plaintiff is entitled to recover the damages as alleged in paragraph 17 of Plaintiff's Complaint.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

WHEREFORE, Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, respectfully requests this Court enter their order striking Plaintiff's Complaint; for summary disposition of dismissal and/or for no cause of action and award costs, interest and attorney fees wrongfully incurred.

## COUNT III

18.     That the Defendants incorporate by reference and reallege their answers to paragraphs 1 – 17 of Plaintiff's Complaint as those set forth herein word for word.

19. That, based upon information and belief, the allegations set forth in paragraph 19 of Plaintiff's Complaint are admitted as true.

20. That the allegations contained in paragraph 20 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged. In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

21. That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 21 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.

22. That the allegations contained in paragraph 22 of the Plaintiff's Complaint are denied as untrue in the manner and form in which they are alleged. In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

WHEREFORE, Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, respectfully requests this Court enter their order striking Plaintiff's Complaint; for summary disposition of dismissal and/or for no cause of action and award costs, interest and attorney fees wrongfully incurred.

23. That the Defendants incorporate by reference and reallege their answers to paragraphs 1 – 22 of Plaintiff's Complaint as those set forth herein word for word.

24. That without specific information or knowledge upon which to base a belief, the Defendants neither admit nor deny the allegations contained in paragraph 24 of the Plaintiff's Complaint and therefore leaves the Plaintiff to his proofs.

25. That the allegations contained in paragraph 25 of the Plaintiff's Complaint inclusive of subparagraphs A through D are denied as untrue. In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

26.    That the allegations contained in paragraph 26 of the Plaintiff's Complaint are denied as untrue in the manner.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

27.    That the allegations contained in paragraph 27 of the Plaintiff's Complaint are denied as untrue.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

28.    That the allegations contained in paragraph 28 of the Plaintiff's Complaint are denied as untrue.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

29.    That the allegations contained in paragraph 29 of the Plaintiff's Complaint are denied as untrue.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

30.    That the allegations contained in paragraph 30 of the Plaintiff's Complaint are denied as untrue.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

31.    That the allegations contained in paragraph 31 of the Plaintiff's Complaint are denied as untrue.  In further answer to these allegations, see the Defendants' Affirmative and other Defenses.

WHEREFORE, Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, respectfully requests this Court enter their order striking Plaintiff's Complaint; for summary disposition of dismissal and/or for no cause of action and award costs, interest and attorney fees wrongfully incurred.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By: _____
ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Rd., Ste. 600
Troy, MI  48098-6340
248-312-2800

Dated:  May 28, 2019

## PROOF OF SERVICE

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

_____ Hand delivery
_____ Facsimile transmission
_____ Electronic mail
___X___ Mailing, by first-class mail with postage fully prepaid
_____ Overnight delivery
_____ Court's e-File system

to them at their respective business addresses, as disclosed by the pleadings of record, on _____ 5-28-19 _____.

I declare that the statement above is true to the best of my information, knowledge and belief.

_____
TRACY A. ADAIR

7

STATE OF MICHIGAN **TIME STAMP**

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

KENNETH HEINZERLING,

    Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

    Defendants.

Case No. 19-000361-NI
Hon. Carole Kuhnke

**RECEIVED**

MAY 28 2019

Washtenaw County
Clerk of the Court

---

JOSHUA R. TEREBELO (P72050)
JORDAN M. JONES (P77866)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Suite 100
Farmington Hills, MI 48334-6201
248-353-7575 / Fax 248-254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com

ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Road
Suite 600
Troy, MI 48098
248-312-2800 / Fax 248-879-0042
adamgordon@vgpclaw.com
aslaght@vgpclaw.com

---

## DEFENDANT WALNUT HILL FEEDS, INC. and DANIEL BYLER'S AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, WALNUT HILL FEEDS, INC. and DANIEL

BYLER, by and through their attorneys, VANDEVEER GARZIA P.C., by Adam K.

Gordon, and pursuant to MCR 2.111(F) assert the following Affirmative and Other

Defenses:

    1.    The Plaintiff has failed to state a claim upon which relief can be granted.

    2.    That Plaintiff has (or may have) waived any "right of way" if it is shown

that Plaintiff was traveling in excess of the speed limit (posted or otherwise) in

moments preceding the collision at issue.

3.     That Defendant specifically claims statutory set off of all collateral sources received by Plaintiff.

4.     If it is shown that the Plaintiff has failed to mitigate damages as required by law, then the Plaintiff's entitlement to damages may be precluded in whole or in part.

5.     That Defendant enjoys tort immunity for any economic loss sustained by the Plaintiff pursuant to MCLA 500.3135(2).

6.     If the Plaintiff fails to demonstrate a serious impairment of an important body function or serious permanent disfigurement, then the Plaintiff may not assert a claim for non-economic damages pursuant to MCLA 500.3135(1) and (7).  By asserting this Affirmative Defense, Defendant hereby gives notice to Plaintiff and the Court of Defendant's intention to seek the dismissal of this case based upon the legal grounds set forth herein.

7.     Upon the completion of discovery, Defendant reserves the right to show that the Plaintiff was negligent and/or comparatively negligent in the causation of the accident.

8.     The Plaintiff has failed to state a claim upon which relief can be granted. For willful and wanton misconduct and gross negligence.

9.     If it is shown that the Plaintiff was impaired due to the ingestion of alcohol or controlled substances and that the Plaintiff's fault is greater than or equal to the aggregate fault of any other person who contributed to Plaintiff's injuries, whether or not parties to the action, then Plaintiff's claim for damages will be barred pursuant to MCLA 600.2955(a)(1).

10.    The Plaintiff's claim for non-economic damages may be barred by MCLA 600.2959 if the jury finds that the Plaintiff's fault is greater than the aggregate fault of

the other person or persons that contributed to the Plaintiff's injury, whether or not parties to the action.

11.    That Defendant may be excused from any violation of statute, ordinance or common law as a result of a sudden emergency not of his own making.

12.    Any and all injuries or damages allegedly sustained by Plaintiff, were a proximate result of the negligent acts and/or omissions of Plaintiff.

13.    That as to Defendant, this action brought against Defendant was filed after March 28, 1996; therefore, all provisions of Public Act 161 apply to Defendant together with all provisions of the tort reform that have taken affect by way of illustration, but not limitation, Defendant cites MCL 600.1629(1), 600.2957(3), 600.6304(3), 600.2960, 600.2946(6), 600.2955, 600.2946(2), 600.2947(5), 600.2946(a), 600.2955(a), 600.2947(4), 600.2945(j), 600.2940(2), 600.2947(1), 600.2945(a), 600.1621, 600.1627, 600.1629, 600.1641, 600.2946, 600.2948, 600.2956, 600.6304, 600.6312, 600.2958, 600.2959, 600.2947, 600.2949(a), 600.2957, 600.6306, and all other provisions that could in any way have applicability to this matter.

14.    That Defendant denies any joint liability by and between the asserted Defendants in this action, as joint liability is prohibited pursuant to MCLA 600.6304(4).

15.    That the Plaintiff is not entitled to recover damages for lost earning capacity in this third-party automobile negligence action.  MCLA 500.3107; *Nawrocki* v *Hawkeye Security Insurance Company*, 83 Mich App 135 (1978); *Marquis* v *Hartford Insurance Company*, 444 Mich 638 (1994).

16.    That if it is shown that the actions or omissions of Plaintiff constitute fraud then Defendant will be entitled to judgement, in whole or in part, as a matter of law.

17.    That Plaintiff has failed to state a claim upon which relief can be granted for gross negligence, negligent entrustment, violations of the Motor Care Safety Act,

Title 49 of the Code of Federal Regulations and/or negligence supervision to the extent said allegations are frivolous and in violation of MCR 2.625.  The Defendants provide notice that, at the appropriate time, they will or may seek sanctions including costs and attorney fees for frivolous allegations which are unsupported in fact of law.

18.    That these Defendants reserve the rights to add any additional affirmative defenses which may become known through the course of ongoing discovery.

Respectfully submitted,

VANDEVEER GARZIA, P.C.


By:_____
ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Rd., Ste. 600
Troy, MI  48098-6340
248-312-2800

Dated:  May 28, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

_____ Hand delivery
_____ Facsimile transmission
_____ Electronic mail
___X___ Mailing, by first-class mail with postage fully prepaid
_____ Overnight delivery
_____ Court's e-File system

to them at their respective business addresses, as disclosed by the pleadings of record, on _____5-28-19_____.

I declare that the statement above is true to the best of my information, knowledge and belief.

_____
TRACY A. ADAIR

4

STATE OF MICHIGAN **TIME STAMP**

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

KENNETH HEINZERLING,

    Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

    Defendants.

Case No. 19-000361-NI
Hon. Carole Kuhnke

**RECEIVED**

**MAY 28 2019**

Washtenaw County
Clerk of the Court

| | |
|---|---|
| JOSHUA R. TEREBELO (P72050) | ADAM K. GORDON (P45106) |
| JORDAN M. JONES (P77866) | ASHLEY A. SLAGHT (P79211) |
| MICHIGAN AUTO LAW, P.C. | VANDEVEER GARZIA, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30101 Northwestern Highway | 840 W. Long Lake Road |
| Suite 100 | Suite 600 |
| Farmington Hills, MI 48334-6201 | Troy, MI 48098 |
| 248-353-7575 / Fax 248-254-8091 | 248-312-2800 / Fax 248-879-0042 |
| jterebelo@michiganautolaw.com | adamgordon@vgpclaw.com |
| jjones@michiganautolaw.com | aslaght@vgpclaw.com |

## RELIANCE ON JURY DEMAND

Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, by and through

their attorneys, VANDEVEER GARZIA, P.C., by ADAM K. GORDON hereby rely on the

Jury Demand previously filed by Plaintiff.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By: _____
ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Rd., Ste. 600
Troy, MI 48098-6340
248-312-2800

Dated: May 28, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

| | |
|---|---|
| _____ | Hand delivery |
| _____ | Facsimile transmission |
| _____ | Electronic mail |
| __X__ | Mailing, by first-class mail with postage fully prepaid |
| _____ | Overnight delivery |
| _____ | Court's e-File system |

to them at their respective business addresses, as disclosed by the pleadings of record, on _____5-28-19_____.

I declare that the statement above is true to the best of my information, knowledge and belief.

_____
TRACY A. ADAIR

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH HEINZERLING,

     Plaintiff,

v.

WALNUT HILL FEEDS, INC. a foreign
corporation, and DANIEL BYLER, Jointly
and Severally,

     Defendants.

Case No.
Hon.

---

JOSHUA R. TEREBELO (P72050)
JORDAN M. JONES (P77866)
MICHIGAN AUTO LAW, P.C.
Attorneys for Plaintiff
30101 Northwestern Highway
Suite 100
Farmington Hills, MI 48334-6201
248-353-7575 / Fax 248-254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com

ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Road
Suite 600
Troy, MI 48098
248-312-2800 / Fax 248-879-
0042 adamgordon@vgpclaw.com
aslaght@vgpclaw.com

---

## CERTIFICATE OF COMPLIANCE WITH 28 USC §1446(d)

Defendants, WALNUT HILL FEEDS, INC. and DANIEL BYLER, by

and through counsel, hereby certified that, in accordance with 28 USC

§1446(d), they provided written notice of the filing of this Notice of Removal

to all parties to this action and that they have filed a copy of the Notice of

Removal with the Clerk of the Court for the County of Washtenaw, State of Michigan.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By:_____
ADAM K. GORDON (P45106)
ASHLEY A. SLAGHT (P79211)
VANDEVEER GARZIA, P.C.
Attorneys for Defendants
840 W. Long Lake Rd., Ste. 600
Troy, MI  48098-6340
248-312-2800

Dated:  May 29, 2019

## PROOF OF SERVICE

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

_____ Hand delivery
_____ Facsimile transmission
_____ Electronic mail
___X___ Mailing, by first-class mail with postage fully prepaid
_____ Overnight delivery
_____ Court's e-File system

to them at their respective business addresses, as disclosed by the pleadings of record, on
_____5-29-19_____.

I declare that the statement above is true to the best of my information, knowledge and belief.

_____
TRACY A. ADAIR

2